### GIRALDO *v.* CONEY ISLAND & B. R. Co.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

1. HORSE AND STREET RAILROADS—INJURY TO CHILD ON TRACK.

Plaintiff, a child 2½ years of age, while in charge of her half-grown sister, who was in their house at work, slipped into the street unseen by the sister, and while there was badly hurt by defendant's horse-car, which was being slowly pulled up hill by the regular horses and an extra tow-horse. A witness testified that he saw the child on the down track crossing over to the other track while the car was about 10 feet away, and heard people shouting to the driver. He then turned his

back, but, at renewed shouting, turned again, and saw the child knocked down by one of the horses. The driver and tow-boy both testified that they were looking straight ahead, but did not see the child, and knew nothing of the accident until the conductor blew his whistle to stop, which was after the car had passed the child. *Held,* that a verdict for plaintiff would not be set aside as unsupported by the evidence.

2. APPEAL—INSTRUCTIONS NOT PRÉJUDICIAL.

In an action for personal injuries caused by the negligence of a horse-car driver, it appeared that the car was going slowly up a hill at the time plaintiff, a child 2½ years of age, was injured, and both the driver and tow-boy testified that they were looking straight ahead, but saw nothing of the child until after the accident. *Held,* that an instruction that the highest degree of care is required of a driver who sees a person lying helpless on the track in front of his car was not ground for reversal, as it could not have injured defendant.

Appeal from circuit court, Kings county.

Action by Philomena Giraldo, an infant, by Frank Giraldo, her guardian, against the Coney Island & Brooklyn Railroad Company. The plaintiff escaped from the charge of her half-grown sister, and, unseen by the latter, slipped into the street; and while crossing a street-car track in front of her house, was struck and badly injured by a car which was being slowly pulled up a hill by the two regular horses and a tow-horse. One witness testified that he saw plaintiff, while she was on the down track, crossing in the direction of the track the car was on, until the car was about 10 feet from plaintiff; that, having turned away, he heard several bystanders shout to the driver, and, when he again looked, he saw plaintiff struck and knocked down by one of the car-horses. The driver and the boy who was driving the tow-horse both testified that they did not see the child until after the accident, and that they were looking straight up the track. The conductor testified that he heard the shouting after the accident had occurred, and then whistled for the car to stop. There was a verdict for plaintiff, and from a judgment entered thereon, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*H. W. Slocum, Jr.,* and *Bergen & Dykman,* (*Wm. N. Dykman,* of counsel,) for appellant. *Morrison & Kennedy,* (*L. J. Morrison* and *John C. Kennedy,* of counsel,) for respondent.

PRATT, J. The jury believed the accident to have been caused in the manner testified to by the plaintiff's witness. We cannot say the verdict is so unsupported by the evidence as to warrant us in disturbing it. The exception chiefly relied upon is one made to the ruling of the court as to the degree of care required of a driver who sees a person lying helpless upon the track in front of the vehicle. The jury were told that in such case the highest degree would be required of the driver. That was error, but it cannot have injured defendant, as in this case the driver did not see the plaintiff, either helpless or otherwise, until after the accident. As the situation supposed did not appear in this case, we must assume that the misdirection caused no injury. Judgment affirmed, with costs. All concur.